MILLER PROTECTO PRODUCTS COMPANY *v.* UNEMPLOY-
MENT COMPENSATION COMMISSION.

1. UNEMPLOYMENT COMPENSATION—CONTRIBUTION RATE—COMPUTA-
   TION DATE.
   Retroactive requirement that an employer subject to the unem-
   ployment compensation act within any calendar year shall be
   subject to the act during the whole of such calendar year did
   not accelerate date on which employees could have received
   benefits based on wages from such employer, where employer
   became subject to the act after September 30th, the computation
   date for determination of the employer's rate of contribution,
   hence, employer was subject to 3% rate of contribution, and
   not a rate based on its experience index, for 3 years after it
   became subject to the act (CL 1948, §§ 421.19, 421.23).

2. SAME—FINDINGS OF COMMISSION—ESTOPPEL.
   Erroneous findings of unemployment compensation commission
   on 2 previous occasions that plaintiff employer had had an
   insured payroll during all 4 calendar quarters of the year
   1945 did not estop it from subsequent correct determination
   that plaintiff first became subject to the act during the last
   calendar quarter of 1945, where plaintiff well knew the actual
   situation and did not suffer a loss (CL 1948, § 421.19, 421.23).

3. SAME—CONTRIBUTION RATE—STATE AND FEDERAL MINIMUM PERIOD.
   State statute requirement that employer make contributions at
   the rate of 3% for full period of 36 consecutive calendar
   months ending with the computation date before contributions
   may be based on the employer's experience index is compa-
   rable to Federal requirement that no reduced rate shall be
   permitted an employer with less than 3 years immediately
   preceding the computation date (CL 1948, § 421.22; 26 USCA,
   § 1602[a][1]).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 48 Am Jur, Social Security, Unemployment Insurance, and Re-
   tirement Funds § 32.
[2] 48 Am Jur, Social Security, Unemployment Insurance, and Retire-
   ment Funds § 43.

Appeal from Kalamazoo; Fox (Raymond W.), J. Submitted October 12, 1951. (Docket No. 10, Calendar No. 44,943.) Decided December 3, 1951.

Certiorari by Miller Protecto Products Company to review determination of contribution rate. Judgment for defendant Unemployment Compensation Commission. Plaintiff appeals. Affirmed.

*Mason, Stratton, Kent & Wise,* for plaintiff.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *John J. Long,* Assistant Attorney General, for defendant.

REID, C. J. Plaintiff filed in circuit court a petition for writ of certiorari to review a decision of the appeal board of defendant commission holding plaintiff is subject to a contribution rate of 3% of its payroll for the year 1949. The judgment of the circuit court affirmed the decision of the appeal board. Plaintiff appeals from the judgment of the circuit court and claims that its contribution for 1949 should be based on its experience index and not at the contribution rate of 3%.

On October 1, 1946, Miller Protecto Products Company, a Michigan corporation, became a successor in business to a partnership having the same name. The records of these 2 employing units have been combined under the provisions of the Michigan unemployment compensation act, and both businesses are and have been treated as a single employing unit as required by the terms of that act.

This employing unit had its 20th week of 8 or more employees on the 41st week of 1945, which was the week ending October 12, 1945. It was held to be an employer under section 23 of the act for the full year of 1945, and on January 24, 1946, filed un-

employment compensation tax reports and paid the tax for the full year of 1945, as then required by the terms of the act.

This employing unit has been subject to the act at all times since the year 1945. It has annually received from the Michigan unemployment compensation commission a determination of the contribution rate for each such year, which determinations contained a finding of "insured payroll" wages paid and benefits charged under the act for each calendar quarter beginning January 1, 1945. On April 8, 1947 the employing unit received a determination from the Michigan unemployment compensation commission in which, among other things, the commission represented that the employing unit had an insured payroll for all 4 calendar quarters of 1945. This same determination was made on May 19, 1947. The same determination was made on January 27, 1948. On January 11, 1949, the unemployment compensation commission made a determination that the employing unit's insured payroll for the computation of the 1949 contribution rate covered only the last calendar quarter of 1945. The notices of contribution rates, above referred to, contained a statement that the rate was based on the fact that the employer had not been subject to the act for a period of time sufficient to entitle it to an adjusted rate and that the employer's rate was 3% in accordance with the applicable section of the statute. Such notices all contained a statement that they would constitute a final determination unless appealed from within 15 days. An appeal was timely taken by plaintiff from the January 11, 1949 determination.

Decision of the instant case requires construction of section 19 of the Michigan unemployment compensation act, CL 1948, § 421.19 (Stat Ann 1950 Rev § 17.520), particularly that part of said section which reads as follows:

"Each employer's rate shall be 3 per centum of the wages paid by him with respect to employment unless and until there has been a period of not less than 36 consecutive calendar months ending with the 'computation date' throughout which an individual if unemployed and eligible, *could have received benefits* based on wages from such employer." (Italics supplied.)

The computation date above referred to is September 30th in each year.

Plaintiff relies upon retroactive provisions of section 23 of the act, CL 1948, § 421.23 (Stat Ann 1950 Rev § 17.525), part of which is as follows:

"Except as otherwise provided in section 25, any employing unit which is or becomes an employer subject to this act within any calendar year shall be subject to this act during the whole of such calendar year."

The provisions of section 25 do not have any bearing on the matter in controversy in this case.

It is the claim of plaintiff that because of the retroactive provisions of section 23, above quoted, the employees of plaintiff after October 12, 1945, become retroactively capable of receiving the benefits of the act if they could prove unemployment and eligibility during some period in 1945 even before September 30, the computation date. Plaintiff therefore claims that by the language of section 19 italicized by us for the purpose of this decision, such employees, if unemployed and eligible, could have received benefits.

It is clear that at no time before the computation date in question, September 30, 1945, could any employees of plaintiff have received benefits based on their wages from plaintiff, because plaintiff was not under the act until October 12, 1945.

Section 23 does not either expressly or by necessary implication change the computation date or the period prescribed for the ·experience index.

The appeal board and trial court correctly construed the portion of section 19 hereinbefore quoted.

Without merit is plaintiff's claim that the commission is estopped to make the appealed from ruling because of the determination of the defendant commission in 1947 and 1948 of plaintiff's insured payroll and benefits charged·and the included finding that the insured had an insured payroll for each of the 4 calendar quarters of 1945.

The plaintiff first became subject to the act on October 12, 1945, and has been continuously subject since that time.

The determinations of 1947 and 1948 did not estop defendant commission from making the ruling plaintiff asks in this case to be reviewed because plaintiff did not thereby suffer a loss, and because plaintiff well knew the actual situation.

Plaintiff claims that the construction contended for by plaintiff (as compared with the ruling sought to be reviewed) is more in keeping with the expressed purpose of the legislature in enacting the Michigan· unemployment compensation act, as set forth in the title of the act and also in that part of subd (a) (3) of section 22 of the act, CL 1948, § 421.22 (Stat Ann 1950 Rev § 17.524), which is as follows:

"Provided further, that no rate of less than 3 per centum shall be permitted an employer succeeding to the experience record of another employer.pursuant to this section for any period subsequent to such succession and prior to the date as of which such experience records are combined, except in accordance with regulations prescribed by the commission, which regulations shall be consistent with ·Federal standards of additional credit allowance in

section 1602 of the internal revenue code and consistent with the provisions of this act."

Plaintiff further cites 26 USCA, § 1602 (a) (1) of the internal revenue code, as follows:

"(a) State standards.—A taxpayer shall be allowed an additional credit under section 1601 (b) with respect to any reduced rate of contributions permitted by a State law, only if the board finds that under such law—

"(1) No reduced rate of contributions to a pooled fund or to a partially pooled account is permitted to a person (or group of persons) having individuals in his (or their) employ except on the basis of his (or their) experience with respect to unemployment or other factors bearing a direct relation to unemployment risk *during not less than the 3 consecutive years immediately preceding the computation date.*" (Italics supplied.)

Plaintiff argues that an intent of the Michigan legislature favorable to plaintiff's theory in the instant case, is to be found by comparison of the portions of our State statute, last above quoted, with the portion of the Federal act, above quoted, and argues that it was the intention of the State legislature to meet the requirements of the Federal act as to 3 consecutive years experience with respect to unemployment as a basis for the experience index. Plaintiff further claims that there would not be a precise meeting of the requirements of the Federal act if the contested construction of the State act is to stand.

Our State statute, with the construction placed on it by defendant and by the trial court, still provides for experience during a full period of 36 consecutive calendar months ending with the computation date, and thus compares with the provision of the Federal act, of experience during the 3 consecu-

tive years immediately preceding the computation date. The State statute provides the 3% contributions up to the full standard required in the Federal act, hence plaintiff's contention in this regard is without merit.

The judgment appealed from is affirmed. Costs to defendant.

BOYLES, NORTH, DETHMERS, CARR, BUSHNELL, and SHARPE, JJ., concurred. BUTZEL, J., did not sit.